OPINION
{¶ 1} Defendant-appellant Justin Reinhart ("Reinhart") brings this appeal from the judgment of the Findlay Municipal Court finding him guilty of obstructing official business.
 {¶ 2} On May 15, 2004, Reinhart was a passenger in a vehicle stopped for a traffic violation by Patrolman Wapplehorst ("Wapplehorst"). Wapplehorst asked the driver for personal and vehicle information. At that time, Reinhart informed the patrolman that it was his vehicle and told the patrolman that he had "no right to stop us." Tr. 62. During the stop, the driver was calm and cooperative, but Reinhart was very angry, yelling, and cussing at the patrolman. Id. at 64-65. Patrolman Deeter ("Deeter") arrived during this time and began speaking to Reinhart while Wapplehorst spoke with the driver. Wapplehorst requested the driver to perform field sobriety tests, which he did. Deeter by this time had calmed Reinhart. Finding no reason to arrest the driver, Wapplehorst had him return to the vehicle while he wrote the citation. Deeter, believing the situation to be calm, departed.
 {¶ 3} When Wapplehorst approached the vehicle to issue the citation, Reinhart started "yelling loudly" at him. Id. at 69. Reinhart then unbuckled his seat belt and exited the vehicle. Id. Wapplehorst returned to his own vehicle for his personal safety. Id. at 70. Reinhart then stood between the two vehicles and challenged Wapplehorst to fight. Id. at 72. The driver from the vehicle attempted to calm Reinhart down, but had no luck. Id. Wapplehorst then called for back-up and advised Reinhart that he was under arrest for obstructing official business, a misdemeanor of the second degree. Id. Subsequent to Reinhart's arrest, Wapplehorst was able to finish issuing the citation to the driver. Id. at 73.
 {¶ 4} A jury trial commenced on October 8, 2004. The jury found Reinhart guilty. The trial court then sentenced Reinhart to 90 days in jail with 60 days suspended and imposed a fine of $250. Reinhart appeals from this judgment and raises the following assignments of error.
The trial court erred to the prejudice of [Reinhart] when it overruled[Reinhart's motion] for an entry of acquittal in accordance with Rule 29of the Ohio Rules of Criminal Procedure, as the evidence presented by theCity was insufficient as a matter of law to submit the case to the juryor to support the conviction.
 The trial court erred to the prejudice of [Reinhart] when it failed toproperly instruct the jury on all of the essential elements of the offenseof obstructing official business.
 {¶ 5} The first assignment of error alleges that the trial court should have granted the motion for acquittal. A motion of acquittal can only be granted if the court, viewing the evidence in a light most favorable to the City, finds that the City has failed to present evidence as to an element of the offense or that the evidence is such that reasonable minds can reach no conclusion but to find the defendant not guilty. Crim.R. 29. Under the City Ordnance with which Reinhart was charged, the City needed to prove that Reinhart 1) purposely 2) performed an act that delayed performance by a public official of lawful duties 3) without a privilege to do so.
 {¶ 6} In this case, Wapplehorst testified that he was in the process of issuing a citation for a traffic violation, one of his lawful duties. He also testified that he was unable to complete his tasks until after Reinhart was arrested because Reinhart kept interfering with the process without any reason for doing so. Finally, Wapplehorst testified that had Reinhart not interfered, the traffic stop would have been resolved in ten minutes rather than the twenty it actually took. Id. at 74. Given this evidence, a reasonable person could conclude that Reinhart did obstruct official business. Thus, the trial court did not err in denying Reinhart's motion to acquit. The first assignment of error is overruled.
 {¶ 7} Reinhart claims in the second assignment of error that the trial court did not properly instruct the jury. Reinhart claims that since the trial court did not instruct the jury that Reinhart had to commit an act, the verdict should be reversed. This court notes that counsel for Reinhart did not object to the jury instructions at trial. Thus, any error must rise to the level of plain error to be reversible. To reverse on plain error, this court must find that but for the error, the verdict would have been an acquittal.
 {¶ 8} The Ohio Supreme Court has addressed the issue of errors in jury instructions.
[A] trial court's failure to separately and specifically charge thejury on every element of each crime with which a defendant is chargeddoes not per se constitute plain error nor does it necessarily requirereversal of a conviction. Only by reviewing the record in each case canthe probable impact of such a failure be determined, and a decisionreached as to whether substantial prejudice may have been visited on thedefendant, thereby resulting in a manifest miscarriage of justice."
 State v. Adams (1980), 62 Ohio St.2d 151, 154, 404 N.E.2d 144. Thus if the government presents sufficient evidence on each element of the offense, an appellate court cannot say that the outcome of the trial would have been different but for the trial court's failure to give the proper jury instruction. State v. Parker, 2nd Dist. No. 18926, 2002-Ohio-3920 at ¶ 45.
In this case, the trial court instructed the jury as follows.
The Defendant is charged with obstructing official business. Before youcan find the Defendant guilty, you must find beyond a reasonable doubtthe following elements of the offense. That on or about the 15th day ofMay, 2004, and in the City of Findlay, Hancock County, Ohio, theDefendant without privilege or permission to do so and with purpose toprevent the performance of a public official of an authorized act withinhis official capacity — sorry, let me read this phrase again, it's alittle difficult. Without privilege or permission to do so and withpurpose to prevent the performance by a public official of an authorizedact within his official capacity, he did with purpose to prevent theofficer in the performance of his lawful duties.
 A sworn law enforcement officer is a public official.
 A person acts purposely when it is his specific intention to cause acertain result. It must be established in this case that at the time inquestion there was present in the mind of the Defendant a specificintention to prevent the performance of a public official of a publicofficial's authorized act.
 You must also find that this act with which the Defendant is chargedtook place on or about the 15th day of May, 2004. it is not necessarythat the City prove that the act was committed on the exact day ascharged in the complaint. It is sufficient to prove that the offense tookplace on a date reasonably near the date claimed.
Tr. Vol II, 236-237. Although the trial court failed to specifically state that Reinhart had to commit an act while listing the elements, the performance of an act is implied based upon the remainder of the instructions. The City submitted evidence of several acts performed by Reinhart which allegedly interfered with Wapplehorst performing his authorized duties. Thus, this court cannot find that the outcome of the trial would have been different if the trial court had specifically stated that the jury had to find that Reinhart had committed an act. No plain error is present in the jury instructions and the second assignment of error is overruled.
 {¶ 9} The judgment of the Findlay Municipal Court is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.